IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FIRST BANK AND TRUST,** | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 07-726-KD-C |
| **F/V DRAGON SEA, her engines, tackle, appurtenances, etc.,** *in rem*, | § | |
| | § | |
| Defendant. | | |

**ORDER**

This court entered a decree confirming the sale of the F/V Dragon Sea and a judgment and order of distribution whereupon the proceeds of sale, $211,000.00, have been disbursed to plaintiff First Bank and Trust (doc. 36, 37). However, the purchaser of the vessel Jan Horecky paid to the court an additional $4,000.00 which has not been disbursed. Upon consideration of the pleadings, and for the reasons set forth herein, the court finds that the $4,000.00 is due to be disbursed to Horecky.

The sale documents from the U.S. Marshal show that the F/V Dragon Sea sold for $211,000.00 to Jan Horecky (doc. 30, Proof of Publication; doc. 31, U.S. Marshal Bill of Sale). However, Horecky paid $215,000.00 to the court in two payments.[1] The U.S. Marshal's commission on the sale, $3,180.00, was invoiced to plaintiff and paid by plaintiff (doc. 31, p. 2). Plaintiff moved the court to disburse the $211,000.00 (doc. 33).[2] The court confirmed the sale and disbursed the $211,000.00 to plaintiff (docs. 36, 37).[3] Subsequent thereto, the court became

---

[1] The court financial records show that Horecky paid $20,000 on March 12, 2008, the day of sale and then paid $195,000 on March 18, 2008, for a total of $215,000.

[2] The affidavit of plaintiff's accounts representative confirmed that the vessel sold at public auction for $211,000.00 (Doc. 33-2, p.4).

[3] The order of disbursement instructed the Clerk of the Court to disburse the $211,000.00 less any sums paid for the U.S. Marshal's expenses. (doc. 37, p. 2). However, because plaintiff

aware that an additional $4,000.00 remained with the court.  Plaintiff was ordered to show cause as to whom the funds should be disbursed and the response to the order is now before the court.

Plaintiff asserts that "[i]t appears the additional $4,000.00 held by the Court represents payment of the high bid of $211,000.00 *plus* the estimated commission of the U.S. Marshal" (emphasis in original) and that "[r]esolution of the distribution of the remaining funds held by the Court requires a determination by the court whether the terms of sale required payment of the bid price plus Marshal's commission by the high bidder, or whether the terms of sale required payment of the bid only, with the Plaintiff paying the Marshal's Commission or with the commission deducted from the sales price." (doc. 41).  Plaintiff states that there is "potential ambiguity" as to the term "sales price" in the order of sale because it is not defined to include or exclude the commission and therefore, the court must decide whether the duplicate payment of the commission should be returned to Horecky or reimbursed to plaintiff.

The terms of sale, for purposes of this proceeding, are set forth in the order of sale and the notice of sale as advertised.  The order of sale states that the vessel will be sold "free from all mortgages, liens and other encumbrances" (doc. 27).  There is no exception for the commission.  The order further states as follows:

> 6. That the successful bidder or bidders at the sale or any postponement thereof are required to deposit at least ten percent (10%) of the amount bid for the vessel with the United States Marshal on the date of sale, said deposit to be either cash, cashier's check or certified check, and that such bidder or bidders be further required to deposit with the United States Marshal the balance of the sale price within five (5) banking days thereafter, and that the balance shall also be paid by cash, cashier's check or certified check, failing which the initial deposit shall be forfeited.

(doc. 27).  The order does not require the bidder to deposit the Marshal's commission with the Marshal or the court as part of the sale price or as part of the sale.

---

had already paid the U.S. Marshal, no sums were deducted from the sale price and the entire $211,000.00 was disbursed to plaintiff.

Likewise, the notice of sale does not notify potential buyers that they must pay the Marshal's commission in addition to paying the bid price or that they must include the commission when calculating the bid price (doc. 27-2).  Although plaintiff assumes that the additional $4,000.00 is an estimated payment of the commission, there is nothing in the notice of sale or the order of sale which would reasonably lead the buyer to believe that the estimated commission should be included in the sale price and paid to the court.

The U.S. Marshal is entitled to fees, commission, and expenses. 28 U.S.C. § 1921.  The statute sets forth, in relevant part, as follows:

> (c)(1) The United States Marshals Service shall collect a commission of 3 percent of the first $1,000 collected and 1 1/2 percent on the excess of any sum over $1,000, for seizing or levying on property (including seizures in admiralty), disposing of such property by sale, setoff, or otherwise, and receiving and paying over money, except that the amount of commission shall be within the range set by the Attorney General.

28 U.S.C.A. § 1921(c)(1).  Although the statute does not specifically state that the commission shall be collected from the plaintiff, the statute makes clear that the commission is to be collected from the sale price: "shall collect a commission of 3 percent of the first $1,000 collected . . .".  Id.  Nothing therein indicates that the buyer at the ship foreclosure sale must include the commission as part of the sale price when paying the sale price into the court or that the buyer is responsible for paying the commission.[4]  In our jurisprudence fees and costs are

---

[4] Plaintiff correctly points out that our Local Rules indicate that plaintiff is responsible for attachment costs. S.D. Ala. LAR 2.  "Deposit of Fees with Marshal. No process in rem in an action provided for in the Admiralty Supplemental Rules shall be served, except on behalf of the United States, or on special order of the court, unless the party seeking the same shall deposit with the Marshal for this district such sums as may be required by the Marshal as a partial advance against attachment and custodial costs." S.D. Ala. LAR 2.  Local Rule 6 also provides that a party asserting a lien or writ of foreign attachment may intervene when a vessel has been arrested and shall be liable for costs together with the party originally effecting seizure and may be required by the Marshal to advance their reasonable share of costs.  Although not applicable in the present case, this rule is further evidence of plaintiff's responsibility for the costs of the attachment. S.D. Ala. LAR 6.

generally the responsibility of the plaintiff subject to any rules, statutes or case law which may shift that burden.  In that regard, plaintiff has not provided the court with any rule, statute, or case law to indicate that the buyer at a ship foreclosure sale is obligated to pay the Marshal's commission in addition to the sale price of the vessel or is required to reimburse plaintiff.

Accordingly, for the reasons set forth herein, the Clerk of the Court is directed to disburse the remaining $4,000.00 to Jan Horecky at 29 France Street, Middleboro, Massachusetts, 02346.   The Clerk of the Court is directed to mail a copy of this order to Horecky.

**DONE** this the 31st  day of July, 2008.

 **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**